UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOY C. BELL                                      CIVIL ACTION NO. 12-cv-0324

VERSUS                                            JUDGE HICKS

ERIC H. HOLDER                                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Joy Bell ("Plaintiff"), who is self-represented, works at a federal prison in Butner, North Carolina. She filed this employment discrimination action in this court after she was not selected for a position at a federal prison located in Louisiana. The complaint is not a model of clarity, but it appears to allege that officials at Plaintiff's place of employment in North Carolina communicated to those making the Louisiana decision that Plaintiff had been involved in prior EEO activity, which resulted in retaliation by denial of the Louisiana position.

Plaintiff, despite choosing to file her complaint with this court, has filed a Motion to Change Venue (Doc. 11). She argues that the Middle District of North Carolina, where she lives, would be a more convenient venue. The Government does not oppose transfer but argues that the Eastern District of Texas (where relevant employment records are maintained) or the Eastern District of North Carolina (where Plaintiff and potential witnesses work) are preferable to the Middle District of North Carolina.

Plaintiff's motion invokes 28 U.S.C. § 1404, which provides that the court may, for the convenience of parties and witnesses, in the interest of justice, transfer any civil action

to any other district where it might have been brought or to which all parties have consented. Venue in this Title VII action is governed by the specific provisions of 42 U.S.C. § 2000e-5 (f)(3) rather than the general venue provisions of 28 U.S.C. § 1391. Bolar v. Frank, 938 F.2d 377, 378 (2d Cir. 1991); Johnson v. Payless Drugstores Northwest, Inc., 950 F.2d 586 (9th Cir. 1991). See also In re Horseshoe Entertainment, 337 F.3d 429 (5th Cir. 2003) (applying the specific Title VII provision). The Title VII statute allows venue (1) in any district in the state in which the unlawful employment practice is alleged to have been committed, (2) in the district in which the relevant employment records are maintained and administered, or (3) in the district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

After the motion was briefed, the court had concerns about whether the case might have been brought in either of the North Carolina districts advocated by the parties, so the parties were asked whether they could agree to one of those districts. The parties have now informed the court that they consent to a transfer of this case to the Eastern District of North Carolina, which is a convenient forum given its proximity to Plaintiff and a number of potential witnesses who work in Butner. The Motion to Change Venue (Doc. 11) is granted by directing the transfer of this case to the Eastern District of North Carolina. This court's scheduling order is vacated.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of October, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE